**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. CR-23-197-RAW** |
| **RUSSELL RICHARD FINCHER,** | |
| **Defendant.** | |

## ORDER

Before the Court is Defendant's Opposed Motion for Early Termination of Probation. [Dkt. No. 50]. Defendant Russell Fincher seeks early termination of his probation pursuant to the recently revised sentencing guidelines. For the foregoing reasons, the motion is GRANTED. The term of probation is hereby terminated

On May 17, 2024, Mr. Fincher pled guilty to Selling Ammunition to a Prohibited Person, in violation of 18 U.S.C. §§922 (d)(1) and 924(a)(8). Subsequently, on November 18, 2024, Mr. Fincher was sentenced to serve a three year term of probation. The relevant sentencing guidelines indicated at the time that Mr. Fincher was eligible for not less than one but no more than five years of probation. Mr. Fincher began his three year term on November 18, 2024, and he received credit for time served. At the time the motion was filed, November 24, 2025, Mr. Fincher had served half of his term, which was more than one year of probation.  Now that he has completed the minimum term of probation of one year, Mr. Fincher, through counsel, argues that this court should end his probation due to his adherence to the conditions of supervised release, the unlikelihood of his reoffending, and the defendant's demonstrated ability to engage in prosocial behaviors and to lawfully self manage without supervision. See Dkt. No. 50 at p.4, ¶7.  Additionally, the Defendant provides that his counsel has consulted with the United States Probation Office in the Eastern

1

District of Oklahoma, and the Deputy Chief of the Office, Sara Carter, has indicated that Mr. Fincher has had no issues of noncompliance, and she does not object to early termination. Dkt. No. 50 at p. 1-2 ¶ 2.  The Government has filed a response opposing Mr. Fincher's motion, arguing that the § 3553 factors weigh against early termination. Dkt. No. 54 at p.3.

Recent amendments to the federal sentencing guidelines provide that a court may modify, reduce, or enlarge conditions of release when warranted by an individualized assessment of the appropriateness of existing conditions. Pursuant to this amendment, after one year of supervision has expired, a court may terminate a period of probation early based on an individualized assessment of the need for ongoing supervision if termination is warranted based on the individual's conduct and the interest of justice. USSG § 5D1.4 (a) & (b); 18 U.S.C. § 3583 (e) (1) & (2). Suggested factors that courts may consider in conducting an individualized assessment are:

> (i) any history of court-reported violations over the term of supervision;
> (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
> (iii) the defendant's substantial compliance with all conditions of supervision;
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

§ 5D1.4. Modification, Early Termination, and Extension of Supervised Release (Policy Statement), FCJ Federal Sentencing Guidelines Manual § 5D1.4 (11/1/25).

Additionally, pursuant to 18 U.S.C. § 3564, a court should consider the factors set forth in § 3553(a) to the extent they are applicable when determining whether to terminate a term of probation.

Here, Mr. Fincher reportedly has complied with the conditions of his release, has consistently engaged in pro-social activities such as maintaining employment and engaging positively in his community through his work at Lift Community Action and Core Dads. Dkt. No. 50. Additionally, Mr. Fincher reports that he has been denied employment opportunities that would have otherwise been extended to him because he is on probation. Dkt. No. 50 at p.2 ¶ g. Thus, it appears to the court that serving the entirety of his term of probation might hinder Mr. Fincher's reintegration into society more than it helps. Therefore, having considered both the factors suggested by the sentencing guidelines and the factors laid out in § 3553(a), the motion is GRANTED. The term of probation is terminated.

**IT IS SO ORDERED** on this 5th day of March, 2026.

_____

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA